**George SERCL, Jr., and Maryanne Sercl, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV79–4050.**

United States District Court, D. South Dakota, S. D.

Dec. 1, 1981.

---

Gene Paul Kean, of May, Johnson, Doyle & Becker, Sioux Falls, S. D., for plaintiffs.

Terry L. Pechota, U. S. Atty., Sioux Falls, S. D., and Allan B. Goldstein, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM DECISION AND ORDER

NICHOL, Senior District Judge.

This matter is before the Court upon Cross-Motions for Summary Judgment. Plaintiffs, George Sercl, Jr., and Maryanne Sercl, commenced this action against the United States of America seeking the refund of $12,329.55 alleged to have been erroneously assessed and collected as income taxes and interest for the taxable years 1973, 1974 and 1975. For reasons more fully set out herein, this Court grants Summary Judgment in favor of George Sercl, Jr., and Maryanne Sercl and denies the United States of America's Motion for Summary Judgment.

The parties to this action have entered into a Stipulation of Facts, which together with accompanying exhibits, was filed with the Court. The facts, which the Court finds relevant to the disposition of this action, are as follows: On November 4, 1964, Sunshine Food Markets, Inc., (Sunshine) and George Sercl, Sr., the then President and Chief Executive Officer of Sunshine, entered into an agreement for the joint acquisition of a life insurance policy covering the life of Sunshine's President and Chief Executive Officer. Pursuant to Article 5 of that agreement Sunshine was to pay the portions of the premiums equal to the incremental increase in the cash surrender value of the policy, and Sunshine's President and Chief Executive Officer, George Sercl, Sr., was to pay the balance, if any, of the premiums due. Life insurance in the face amount of $400,000 was acquired on November 4, 1963, from the Continental Assurance Company. The policy is a 30 year endowment policy, to mature on November 4, 1994. Pursuant to the policy, Continental Assurance agreed to pay the face amount upon either the death of the insured or the expiration of the 30 year period, whichever occurred first. Also, pursuant to the agreement, at the death of the insured Sunshine was to receive that portion of the policy's death benefits equal to the amount of Sunshine's contributions toward payment of the premiums due on the policy, not to exceed the cash value of the policy at the end of the policy year in which the death of the employee occurs. The balance of the death benefits were to be payable to the beneficiary designated by the employee. Similarly, the face amount of the policy payable on maturity, should the employee survive to that date, was to be divided between Sunshine and the employee or the employee's beneficiaries in the same manner as if the proceeds were payable by virtue of the death of the insured with Sunshine to receive that portion of the maturity value equal to the amount of its contributions, and the employee or the employee's beneficiaries to receive the balance.

On February 1, 1971, George Sercl, Sr., assigned all of his rights and obligations in the split-dollar life insurance agreement to his son, George Sercl, Jr., one of the plaintiffs in this lawsuit. George Sercl, Jr., accepted the assignment of his father's rights and obligations in the agreement, and agreed to be bound by the terms of the split-dollar agreement in place of his father. Sunshine, in the February 1, 1971, assignment, expressly consented to the assignment. On April 16, 1971, George Sercl, Jr., was elected President and Chief Executive Officer of Sunshine. George Sercl, Jr., has continued to serve in that capacity to the date of the commencement of this action.

Pursuant to Revenue Ruling 55–713, 1955–2 Cum.Bull. 23, the original tax consequences of the split-dollar agreement between Sunshine and its Chief Executive Officer and President were as follows. As of 1955 the Internal Revenue Service recognized that the split-dollar life insurance arrangement involved a situation in which an

employer and employee join in purchasing a contract of insurance on the life of the employee. The employer provides the annual premiums to the extent of the yearly increase in the cash surrender value of the policy and the employee provides the balance of the premium. The employer is entitled to receive, out of the policy proceeds, an amount equal to the premiums paid by it, and the employee's beneficiary receives the balance. The early position of the Internal Revenue Service was that this arrangement was in all respects the same as if the employer had made annual loans without interest to the employee in an amount equal to the annual increases in the cash surrender value of the policy. The IRS concluded in Rev.Rul. 55–713 that the mere making available of money without interest does not result in taxable income to the employee.

As is often the case, the IRS subsequently reconsidered the entire area and determined that Rev.Rul. 55–713 had incorrectly concluded that the split-dollar arrangement was akin to annual interest-free loans from the employer to the employee. As one might expect, Rev.Rul. 55–713 was expressly revoked in a later revenue ruling, Rev. Rul. 64–328, 1964 Cum.Bull. 11. After November 13, 1964, the annual value of the benefit received by the employee was to be included in the employee's gross income. Rev.Rul. 64–328 thus expressly revoked Rev.Rul. 55–713 with the following language:

> The revocation (of Revenue Ruling 55–713) is effective as to policies purchased under "split-dollar" arrangements or utilized to establish such arrangements after November 13, 1964.

The Internal Revenue Service took the position that the plaintiffs in this action, George Sercl, Jr., and Maryanne Sercl, recognized income in 1973, 1974, and 1975 from Sunshine pursuant to the split-dollar life insurance arrangement which was assigned to plaintiff on February 1, 1971. Plaintiff's gross income was increased in the amounts of $6,222.46 for calendar year 1973, $6,942.47 for calendar year 1974, and $7,671.61 for calendar year 1975. Accordingly, the IRS found deficiencies in tax and interest for each of the calendar years as follows: $2,829.84 in tax and $820.56 in interest for 1973; $3,418.68 in tax and $786.18 in interest for 1974; and $3,889.41 in tax and $584.88 in interest for 1975. These amounts were paid by the plaintiffs and comprise the $12,329.55 at issue in this case.

When reduced to essential elements defendant's position is that the 1971 assignment falls within Rev.Rul. 64–328's provision that renders taxable benefits from policies purchased under split-dollar arrangements or utilized to establish such arrangements after November 13, 1964. Such is not the case. Here the split-dollar arrangement was made not on February 1, 1971, as defendant vigorously asserts, but on November 4, 1964. The subsequent assignment of the policy is in no way a utilization of the policy to establish a split-dollar arrangement. The assignment in no way changed the correlative rights and duties between Sunshine and its President and Chief Executive Officer under the split-dollar arrangement; the assignment merely substituted the name of the new President for that of the former President.

Accordingly, IT IS HEREBY ORDERED that George Sercl, Jr., and Maryanne Sercl's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that the United States of America's Motion for Summary Judgment is denied.